**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-08-0361-HE |
| | ) | |
| CEDRIC JONES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, J&J Sports Productions, Inc, filed this action against defendants, Cedric Jones, Terence Brown,[1] and Jones & Brown, Inc., alleging violations of 47 U.S.C. §§ 553, 605 (2000) and state law conversion.  Defendants filed a motion to dismiss [Doc. #11] arguing that all three counts of the complaint are barred by the applicable statute of limitations and that the conversion claim is not available under Oklahoma law.

Plaintiff alleges that on April 9, 2005, defendants exhibited a championship boxing program for direct and indirect commercial advantage or private financial gain without authorization from plaintiff, the licensed distributor of the programing.  Plaintiff filed the present action on April 8, 2008.

When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations and any reasonable inferences that might be drawn from them are construed in the light most favorable to the nonmoving party.  The question is whether the complaint contains "enough facts to state a claim to relief that is

---

[1]Defendant Brown was dismissed from the action for lack of service [Doc. #17].

plausible on its face." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007). A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965). Applying these standards, as discussed below, the court concludes plaintiff's complaint fails to state a claim against defendant because the applicable limitations period has run. Defendants' motion must therefore be granted and the case dismissed.

## Discussion

Determining the statute of limitations period for actions pursuant to a federal statute is a question of federal law. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 159 n.13 (1983). When a federal statute fails to provide a limitations period, courts should look to analogous state statutes to borrow a limitations period. North Star Steel Co. v. Thomas, 515 U.S. 29, 34 (1995). Courts may borrow a limitations period from an analogous federal statute when state limitation periods "frustrate or interfere with the implementation of national policies or be at odds with the purpose or operation of federal substantive law." *Id.* (citations and quotations omitted). Borrowing a limitations period from federal law instead of state law is to be the exception, *Id.* at 35, and courts should "decline to borrow a state statute of limitations only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make the rule a significantly more appropriate vehicle for interstitial lawmaking.'" G.P. Reed v. United Transportation Union, 488 U.S.

319, 326 (1989) (quoting DelCostello, 462 U.S. at 172).

The federal statutes at issue, 47 U.S.C. §§ 553 and 605, do not have an accompanying federal statute of limitation.[2] Defendants argue that Oklahoma's common law tort of conversion is the most analogous claim under state law, and as such, the two year limitations period for conversion actions, 12 Okla. Stat. § 95(3) (Supp. 2006),[3] should be borrowed and applied in this case. Plaintiff argues that the three year statute of limitations period from the federal Copyright Act is preferable to the state conversion limitations period.

The court concludes that the most analogous statute from which to borrow a limitations period is 21 Okla. Stat. § 1737 (2001). Section 1737.A.1 makes it unlawful to "knowingly obtain or attempt to obtain cable, information, or telecommunications service of any type or kind . . . without the payment to the operator of said service for all lawful compensation . . . ." The conduct addressed by this statute is substantially similar to that addressed by the federal statutes upon which plaintiff relies here. 47 U.S.C. § 605(a) states in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish . . . such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication . . . for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication . . .

---

[2]*28 U.S.C. § 1658, which provides for a four year limitations period for federal statutes passed after December 1, 1990, that do not contain their own limitations period, does not change the analysis. Both federal statutes involved here were passed prior to 1990.*

[3]*The amendments to §95 which are effective November 1, 2008, do not alter the limitations period for conversion.*

>shall divulge or publish . . . such communication . . . for his own benefit or for the benefit of another not entitled thereto.

Similarly, 47 U.S.C. § 553(a)(1) states: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." Because 21 Okla. Stat. § 1737 is substantially similar to 47 U.S.C. §§ 553 and 605, the limitations period applicable to it is the one most plausibly "borrowed" for present purposes.

Section 1737 does not explicitly provide a separate statute of limitations for violations of that section. It does, however, provide that violations of the section can be addressed by an action "to enjoin and restrain any violation of the provisions of this section <u>or an action of conversion</u> or both, and may in the same action seek damages as provided for in subsection C of this section" 21 Okla. Stat. § 1737.D (emphasis added). Because § 1737 specifically provides for an action for conversion by an aggrieved party for violations of that statute, the court concludes it is appropriate to borrow Oklahoma's two year statute of limitations for conversion to apply in this case. *See* 12 Okla. Stat. § 95.A.3.[4]

Plaintiff filed the present action almost three years after the alleged cause of action

---

[4]*The circumstances here — where a state communications piracy statute explicitly invokes the remedies for conversion — are different from those where the federal Copyright Act period has sometimes been applied. "[F]ederal district courts have applied the federal limitations period under the Copyright Act to [Federal Communications Act] claims when the <u>only</u> state law from which to borrow a limitations period was a general conversion law." <u>Kingvision Pay-Per-View, Corp., Ltd. v. 898 Belmont Inc.</u>, 366 F.3d 217, 223 (3d Cir. 2004) (emphasis added).*

arose on April 9, 2005.⁵  As such, plaintiff's federal claims are barred based on application of the limitations period borrowed from the applicable Oklahoma statute.

Plaintiff's response does not controvert defendant's assertion that a state law conversion claim is not available in these circumstances.⁶  Further, even if such claim were properly asserted, it would be barred by direct application of the statute of limitations referenced above.

Accordingly, defendants' motion to dismiss [Doc. #11] is **GRANTED**.  As the basis for dismissal does not appear curable by amendment, plaintiff's claims against defendants Cedric Jones and Jones & Brown, Inc. are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated this 16th day of October, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

⁵*Neither the complaint nor plaintiff's other submissions suggest a basis for concluding the claim arose at any later date.*

⁶*As discussed above, a conversion action is available for violations of § 1737.*